IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KENDRA KATRISE DESHAZER PETITIONER
ADC #707085

V. 5:14-cv-00295-KGB-JTK

WENDY KELLEY, Director, RESPONDENT
Arkansas Department of Correction[1]

PROPOSED FINDINGS AND RECOMMENDATIONS INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include

[1]Wendy Kelley replaced Roy Hobbs as Director of the Arkansas Department of Correction. Under Federal Rule of Civil Procedure 25(d), Wendy Kelley is automatically substituted as Respondent in this action.

the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

DISPOSITION

Petitioner Kendra Deshazer, an inmate at the Arkansas Department of Correction ("ADC"), filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after the Arkansas Parole Board ("APB") revoked Ms. Deshazer's parole. (Doc. No. 1.) For the following reasons, the Court recommends the District Court deny Ms. Deshazer's petition.

After Ms. Deshazer filed her reply brief, she has written to the Court multiple times claiming that she needs medical attention that the ADC is not providing. (Doc.

Nos. 14-16.) These claims are more properly brought as a civil suit pursuant to 42 U.S.C. § 1983.[2] Therefore, the Court does not consider those claims in her habeas petition.

## I. PROCEDURAL HISTORY

On December 16, 2004, the Pulaski County Circuit Court sentenced Ms. Deshazer to serve twenty-four years, eight months, and twelve days, after being convicted of three counts of theft of property, a hot check violation, and theft by receiving. (Doc. No. 11-2 at 3.) On August 4, 2009, the ADC released Ms. Deshazer on parole. (*Id.*).

On January 8, 2014, a hearing officer for the APB held a parole revocation hearing to determine whether a preponderance of the evidence supported the State's claim that Ms. Deshazer violated her parole. (Doc. No. 11-1 at 1.) The State alleged that Ms. Deshazer violated her parole based on a federal grand jury indictment, charging her with six violations of federal law. (Doc. No. 11-2 at 2.) Ms. Deshazer is charged with two counts of false representation of a social security number, two counts of aggravated identity theft, one count of unlawful production of a false identity document, and access device fraud. Indictment, *United States v. Deshazer*, No. 4:13-cr-00317-JLH-1 (ECF No. 1, Nov. 6, 2013).

After the revocation hearing, where Ms. Deshazer testified that "the [credit] card she is being accused of is on her credit report," the hearing officer found that a

[2]Ms. Deshazer has filed three previous suits pursuant to § 1983, all of which have been dismissed. *See Deshazer v. City of Paragould*, 3:14-cv-00055-DPM (dismissed on Oct. 17, 2014), *Deshazer v. Pulaski Cnty. Regional Detention Facility*, 4:14-cv-00132-KGB (dismissed on February 18, 2015), *Deshazer v. State of Arkansas*, 5:14-cv-00072-BSM (dismissed on Jan. 5, 2015) (appeal filed Jan. 12, 2015).

preponderance of the evidence supported the State's claim that Ms. Deshazer violated the laws of the United States while on parole, and she therefore revoked Ms. Deshazer's parole. (*Id.* at 2-3.) Ms. Deshazer appealed the hearing officer's decision to the APB, which denied her appeal. (Doc. No. 11 at 2.) She did not appeal the APB's decision to state court. (Doc. No. 11 at 2.)

On August 4, 2014, Ms. Deshazer filed this petition for a writ of habeas corpus. (Doc. No. 1.) On January 14, 2015, the Director of the ADC ("Director") filed a response, arguing that Ms. Deshazer's claims are procedurally defaulted. (Doc. No. 11.) On March 9, 2015, Ms. Deshazer filed her reply brief. (Doc. No. 13.)

## II. STANDARD OF REVIEW

A district court has jurisdiction to entertain writs of habeas corpus on behalf of people in custody pursuant to state court judgments. 28 U.S.C. § 2254(a) (2006). The only issue the district court may consider is whether a prisoner is in custody "in violation of the Constitution or laws or treaties of the United States." *Id.*

A court may not grant a petition for a writ of habeas corpus unless the applicant exhausts the "remedies available in the courts of the State" prior to filing the petition. *Id*. at (b)(1)(A). A petitioner "must present [her] federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims." *Kennedy v. Delo*, 959 F.2d 112, 115 (8th Cir. 1992). Failure to do so will result in her claims being barred "unless she can demonstrate cause for the default and actual prejudice as a result of the violation of federal law, or

demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Harris v. Lockhart*, 948 F.2d 450, 452 (8th Cir. 1991) (quoting *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)).

If a petitioner raises a claim that was fairly presented and adjudicated on the merits in state court, the federal court can overturn the state court's decision only if it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1). A factual determination by the state court is "presumed correct," and a petitioner can only rebut that presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III. ANALYSIS

In her petition, Ms. Deshazer argues that the prosecution failed to disclose to the hearing officer that the item she allegedly obtained by using a fraudulent social security number is on her credit report, proving that she did not commit this crime. (Doc. No. 1 at 4.)

### A. PROCEDURAL DEFAULT

Ms. Deshazer's claims are procedurally defaulted because she did not appeal the APB's decision to the highest state court. Ms. Deshazer claims as cause for her procedural default that she was unaware that an inmate can appeal an administrative decision to state court. (Doc. No. 13 at 2-3.)

In Arkansas, parole revocation decisions by the APB are administrative decisions

governed by the Administrative Procedure Act ("APA"). *See Hickman v. Ark. Bd. of Pardons and Paroles*, 361 F. Supp. 864, 868 (E.D. Ark. 1973). Under the APA, any person "except an inmate under sentence to the custody of the Department of Correction" can appeal an administrative decision to a state court. Ark. Code Ann. § 25-15-212(a). In 1991, the Arkansas Supreme Court ruled that the exception to the APA that does not allow inmates to challenge administrative decisions in state court is unconstitutional to the extent that inmates must be allowed to raise constitutional questions of administrative decisions in state court. *Clinton v. Bonds*, 816 S.W.2d 169, 172 (Ark. 1991). Despite this decision, the legislature has not changed the language of the statute. Ark. Code Ann. § 25-15-212(a).

The Eastern District of Arkansas has consistently ruled that an inmate's lack of knowledge about the Arkansas Supreme Court's decision in *Clinton v. Bonds* cannot be cause for her procedural default. *See Johnson v. Kelley*, No. 5:14-cv-00176-DPM-JTR, 2015 WL 1167184, at *4 (E.D. Ark. Feb. 20, 2015) (adopted by District Court in *Johnson v. Hobbs*, 2015 WL 1167166 (E.D. Ark. Mar. 13, 2015) (appeal filed, No. 15-1760 (8th Cir. Apr. 14, 2015))). The Court agrees that the "Arkansas legislature's decades-long delay in removing the unconstitutional text from the statute is unfortunate." *Id.* However, Ms. Deshazer is "charged with knowing the law relevant to [her] habeas claims." *Id.* (citing *Weeks v. Bowersox*, 106 F.3d 248, 249 (8th Cir. 1997)). Therefore, Ms. Deshazer's lack of knowledge about *Clinton v. Bonds* is not cause for her procedural default. As Ms. Deshazer does not allege any other cause for her procedural default, her

petition for a writ of habeas corpus should be denied.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the District Court must determine whether to issue a certificate of appealability in its final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2) (2006). The Court finds no issue on which Ms. Deshazer has made a substantial showing of a denial of a constitutional right. Thus, the District Court should not issue a certificate of appealability.

## V. CONCLUSION

Ms. Deshazer does not present a claim to which she is entitled relief, and her petition for a writ of habeas corpus (Doc. No. 1) should be denied with prejudice. The District Court should not issue a certificate of appealability.

IT IS SO ORDERED this 10th day of June, 2015.

United States Magistrate Judge